UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JUSTIN W. STAPLETON,

      Plaintiff,

v.              Case No. 22-cv-1449-pp

APNP WATCHOLZ, *et al.*,

      Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 11) AND SCREENING SECOND AMENDED COMPLAINT UNDER 28 U.S.C. §1915A**

  Justin W. Stapleton, who is incarcerated at Green Bay Correctional Institution and is representing himself, filed a second amended complaint under 42 U.S.C. §1983, alleging that prison officials violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens the second amended complaint, dkt. no. 12.

**I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

  The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1).

1

He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On January 5, 2023, the court ordered the plaintiff to pay an initial partial filing fee of $1.57. Dkt. No. 8. On January 30, 2023, the court granted the plaintiff's request for additional time and set a deadline of February 18, 2023 by which the court must have received the initial partial filing fee. Dkt. No. 10. The court received that fee on February 14, 2023. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.[1]

**II. Screening the Second Amended Complaint**

　　A.　　Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

---

[1] On February 10, 2023, the court received from the plaintiff a declaration in which he requested more time to pay the initial partial filing fee. Dkt. No. 11. Because the court received the initial partial filing fee before the February 18, 2023 extended deadline, the court will deny as moot the request for extension of time.

2

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

### B. The Plaintiff's Allegations

The second amended complaint alleges that A.P.N.P. Watcholz, H.S.M. Utter and several John and Jane Doe health officials acted with deliberate indifference to the plaintiff's serious medical needs in violation of the Eighth Amendment. Dkt. No. 12 at 1. The second amended complaint alleges that the plaintiff has been diagnosed with chronic back pain, chronic "thoracic back pain" and chronic "left side pain" for which he was prescribed naproxen and lidocaine. Id. The plaintiff asserts that he challenges Watcholz's decision to discontinue his naproxen and lidocaine, which he says "had nothing to do with the medication misuse." Id. He asserts that he also challenges how, from December 1, 2021 to March 10, 2022, Watcholz, Utter and/or "health services officials" provided no alternatives or treatments for his pain, which he asserts they were obligated to do under Division of Adult Institutions policy 500.80.26. Id. The plaintiff alleges that he endured pain and suffering for three months and that every day the defendants prolonged his agony by not treating his painful conditions. Id. at 1-2. He says he tried for a long time to convince health care services, Watcholz and Utter to reinstate his medications or give him other treatments, but that his efforts failed until he filed an inmate complaint (GBCI-2022-4601), which the Office of the Secretary "acknowledge and affirmed." Id. at 2.

The plaintiff alleges that he filed another inmate complaint (GBCI-2022-13140), which was affirmed, "for the same issue of APNP Watcholz discontinuing my medications due to misuse, but instead of complaining about

the fact she discontinued my medications, I am once again complaining about APNP Watcholz, HSM Utter, & several John & Jane Doe medical officials are again denying and delaying my medical treatment and assessment."[2] Id. The plaintiff states that on July 20, 2022, "APNP" took him off naproxen because he "did misuse my naproxen this time by simply ripping the sticker with my name off the pop out blister pack to use as tape[.]" Id. at 2-3. He alleges that as of February 13, 2023, his naproxen has not been reinstated or replaced by alternatives and that he has been writing Watcholz and several medical officials about his ongoing chronic pain. Id. at 3. The plaintiff says that, by not giving him an alternative medication, Watcholz has violated DAI policy 500.80.26 for over seven months and that on August 29, 2022, she told him she would not reinstate naproxen or give him an alternative. Id.

C. Analysis

As an initial matter, the caption of the second amended complaint states that the defendants are "APNP Watcholz, et al." Dtk. No. 12 at 1. The court reads this liberally and presumes that the plaintiff intends to name as defendants the same defendants he named in the original complaint—Watcholz, Novacare, Utter, R. Cotton, Health Service Unit and Jane and John Doe health care officials. Dkt. No. 1 at 1.

In the second amended complaint, the plaintiff refers to A.P.N.P Watchholz, H.S.M Utter & several John & Jane doe healthcare officials

---

[2] The plaintiff states that he could have filed another case for this, but that he decided to add it to this case. Dkt. No. 12 at 2.

from within the capacity of Novacare/G.B.C.I healthcare services units." Dkt. No. 12 at 2. "[S]tates and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983." Johnson v. Supreme Court of Ill., 165 F.3d 1140, 1141 (7th Cir. 1999). This means that "[n]either the State of Wisconsin nor the State's Department of Corrections is a proper defendant." Andreola v. Wisconsin, 171 F. App'x 514, 515 (7th Cir. 2006). Green Bay's Health Services Unit is a unit of the Green Bay Correctional Institution, which is one of several institutions within the Department of Corrections. Because it is not a "person" subject to suit under §1983, the court will dismiss "Health Service Unit" as a defendant. The plaintiff has not explained what "Novacare" is. Perhaps it is a private, contract organization that provides healthcare staffing at Green Bay, but the plaintiff has not said as much. Regardless, the plaintiff has not made any allegations against Novacare. Without more, the court cannot conclude that the plaintiff has stated a claim against Novacare. The court will dismiss Novacare as a defendant. The second amended complaint does not include any allegations against R. Cotton. The court will dismiss R. Cotton as a defendant.

That leaves Watcholz, Utter and the John/Jane Doe officials. A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference to the serious medical need of an incarcerated person. Cesal v. Moats, 851 F.3d 714, 720-21 (7th Cir. 2017) (citing Estelle v. Gamble, 429 U.S. 97, 104–05 (1976)). To state a claim for deliberate indifference for deficient medical care, the plaintiff "must allege an objectively serious medical condition and an official's deliberate

6

indifference to that condition." Id. at 721 (quoting Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

An objectively serious medical need is one that either has been diagnosed by a physician and demands treatment or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (quoting King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012)). The condition does not need to be life-threatening to be serious; it needs only to be "a condition that would result in further significant injury or unnecessary and wanton infliction of pain" if not addressed. Gayton v. McCoy, 593 F.3d 610, 620 (7th Cir. 2010). The deliberate indifference standard is subjective and requires a plaintiff to allege that the official knew of, but disregarded, a substantial risk to the incarcerated individual's health. Id. (citing Farmer v. Brennan, 511 U.S. 825, 836-38 (1994); Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005)).

The plaintiff may proceed on an Eighth Amendment claim against Watcholz based on his allegations that she discontinued his medications on December 1, 2021, and against Watcholz, Utter and John and Jane Doe health officials based on allegations that from December 1, 2021 to March 10, 2022, they failed to provide alternative medication or treatment for his chronic pain. The plaintiff also may proceed on an Eighth Amendment claim against Watcholz, Utter and John and Jane Doe health officials based on allegations that they refused to provide the plaintiff alternative medication or treatment for his chronic pain for over seven months after his naproxen and lidocaine was discontinued on July 20, 2022.

The plaintiff may not proceed on a claim based solely on his allegations that the defendants violated DAI policy because a violation of state laws or regulations is not a basis for a federal civil rights case. See Williams v. Mierzejewski, 401 F. App'x 142, 144 (7th Cir. 2010) (citing Guajardo-Palma v. Martinson, 622 F.3d 801, 806 (7th Cir. 2010); Domka v. Portage Cty., Wis., 523 F.3d 776, 784 (7th Cir. 2008)).

The plaintiff will need to use discovery to identify the Doe defendants. As stated below, the plaintiff *must not* begin discovery until the court issues a scheduling order setting deadlines for the plaintiff to identify the Doe defendants and for the parties to complete discovery and file motions for summary judgment.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES AS MOOT** the plaintiff's motion for extension of time to pay initial partial filing fee. Dkt. No. 11.

The court **ORDERS** that the second amended complaint (Dkt. No. 12) is the operative complaint and that the plaintiff may proceed on Eighth Amendment deliberate indifference claims against APNP Watcholz, Hanna Utter and John and Jane Does. The court **ORDERS** that defendants Novacare, R. Cotton and Health Service Unit are **DISMISSED**.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the

8

Case 2:22-cv-01449-PP   Filed 04/28/23   Page 8 of 11   Document 16

second amended complaint and this order to the Wisconsin Department of Justice for service on defendants APNP Watcholz and Hanna Utter. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the second amended complaint within sixty (60) days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$346.86** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Warden at Green Bay Correctional Institution.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[3] must submit all correspondence and case filings to

---

[3] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge

9

institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it.

The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by incarcerated persons. Entitled "Answers

---

Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution and Oshkosh Correctional Institution.

to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 28th day of April, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**