UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JUSTIN W. STAPLETON,

           Plaintiff,

v.                                                   Case No. 22-cv-1449-pp

LORIJEAN WACHHOLZ, HANNAH UTTER
and JOHN AND JANE DOES,

           Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 20), GRANTING PLAINTIFF'S MOTION TO DISMISS CLAIMS (DKT. NO. 28), GRANTING PLAINTIFF'S MOTION TO STAY (DKT. NO. 29) AND ADMINISTRATIVELY CLOSING CASE**

        Plaintiff Justin W. Stapleton, who is incarcerated at Green Bay Correctional Institution and representing himself, filed this case alleging that the defendants violated his constitutional rights. The court screened the second amended complaint and allowed the plaintiff to proceed on the following claims: (1) an Eighth Amendment claim against defendant Wachholz based on allegations that she discontinued his medications on December 1, 2021; (2) an Eighth Amendment claim against defendants Wachholz, Utter and John and Jane Doe health officials based on allegations that from December 1, 2021 to March 10, 2022, they failed to provide alternative medication or treatment for the plaintiff's chronic pain; and (3) an Eighth Amendment claim against defendants Wachholz, Utter and John and Jane Doe health officials based on allegations that they refused to provide the plaintiff alternative medication or treatment for his chronic pain for over seven months after his naproxen and

1

lidocaine were discontinued on July 20, 2022. Dkt. No. 16 at 7. The plaintiff has filed a motion for preliminary injunction (Dkt. No. 20), a motion to dismiss the second Eighth Amendment claims (Dkt. No. 28) and a motion to stay (Dkt. No. 29).

I.  **Plaintiff's Motion for Preliminary Injunction (Dkt. No. 20)**

The plaintiff asks the court to order the defendants to "reinstate the 500 mg. Naproxen[.]" Dkt. No. 20 at 1. He states that he has been diagnosed with chronic back pain for which he was prescribed "500 mg. Naproxen (1000 mg. a day)" and, "since he was taken off, the defendants continue to deny alternative medications or reinstate the medication even to present day, [and he] will suffer irreparable injury if the relief is denied." Id. The plaintiff contends that he will probably prevail on the merits "due to the deniable and undisputable exhibits and factual evidence the plaintiff has, and will obtain from discovery." Id. at 1-2. He claims that the balance of harm favors him because "the threat of harm to [him] is greater than the harm the defendants will face should [he] be granted the preliminary injunction." Id. at 2. The plaintiff also contends that it will not negatively affect the public interest if his 500 mg (1000 mg a day) Naproxen is reinstated. Id.

The defendants oppose the motion. Dkt. No. 25. They contend that the plaintiff cannot win on the merits, that he will not suffer irreparable harm if the court denies his request and that, even if he shows he can win on the merits and that he will suffer irreparable harm, the public interest would be disserved if the injunction were granted. Id. at 6. The defendants have submitted

2

Case 2:22-cv-01449-PP   Filed 10/26/23   Page 2 of 7   Document 30

evidence that shows that Dr. Wachholz discontinued the plaintiff's Naproxen on July 24, 2022 due to misuse, and the plaintiff since has requested it although all exam findings point to the conclusion that he is fine without it. Id. (citing DPFOF ¶¶15-43, 45-59). In addition, the plaintiff was non-compliant with physical therapy for his back pain. Id. at 7 (citing DPFOF ¶¶32, 51-52). The defendants have submitted evidence that the plaintiff's back condition has not deteriorated since the Naproxen was discontinued and that he was diagnosed with muscular discomfort, which is not a life-threatening condition and can resolve with a series of conservative pain management methods. Id. at 7-9 (citing DPFOF ¶¶24, 34-43). The plaintiff will not suffer irreparable harm if a preliminary injunction is not granted; the evidence does not support a finding of irreparable harm because the plaintiff's back condition has not deteriorated since the Naproxen was discontinued; and the plaintiff was diagnosed with muscular discomfort, which is not a life-threatening condition and can resolve with a series of conservative pain management methods. Id. at 7-9 (citing DPFOF ¶¶36-37, 48-49).

The United States Supreme Court has characterized "injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)). To obtain a preliminary injunction, a plaintiff must show that: (1) he has some likelihood of success on the merits; (2) traditional legal remedies would be inadequate; and (3) he will likely suffer irreparable harm in the absence of

preliminary relief. Mays v. Dart, 974 F.3d 810, 818 (7th Cir. 2020). "If a plaintiff makes such a showing, the court proceeds to a balancing analysis, where the court must weigh the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." Mays, 974 F.3d at 818 (citing Courthouse News Serv. v. Brown, 908 F.3d 1063, 1068 (7th Cir. 2018)). The balancing analysis involves a "'sliding scale' approach: the more likely the plaintiff is to win on the merits, the less the balance of harms needs to weigh in his favor, and vice versa." Mays, 974 F.3d at 818 (citing Ty, Inc. v. Jones Grp., Inc., 237 F.3d 891, 895 (7th Cir. 2001)).

In the context of cases filed by incarcerated persons, the scope of the court's authority to issue an injunction is circumscribed by the Prison Litigation Reform Act ("PLRA"). See Westefer v. Neal, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2); see also Westefer, 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prisons officials have broad administrative and discretionary authority over the institutions they manage" (internal quotation marks and citation omitted)).

The plaintiff's Eighth Amendment claim regarding the discontinuation of his Naproxen and Lidocaine on July 20, 2022 represents a disagreement with his provider, which means his likelihood of success on the merits is low. Pyles

4

v. Fahim, 771 F.3d 403, 409 (7th Cir. 2014). The plaintiff does not dispute the defendants' facts that his Naproxen was discontinued for misuse, that he was diagnosed with muscular discomfort, that his condition has not deteriorated without the Naproxen and that he did not comply with his physical therapy. The plaintiff's likelihood of success on the merits is low because it is undisputed that he was non-compliant with the physical therapy program for his back pain. See Pinkston v. Madry, 440 F.3d 879, 892 (7th Cir. 2006) (finding no deliberate indifference when incarcerated individual refused to take preliminary test before beginning treatment). He has not shown a likelihood of success on the merits of his Eighth Amendment claim regarding the discontinuation of his medication in July 2022. (And, as described in the next section, the plaintiff has filed a motion to dismiss that claim. Dkt. No. 28.) The court will deny the plaintiff's motion for preliminary injunction.

## II. Plaintiff's Motion to Dismiss Eighth Amendment Claim (Dkt. No. 28)

The plaintiff states that he has received the defendants' response to his request for preliminary injunction and he "agree[s] that the second time Lori Jean Wachholz took [him] off [his] Naproxen [was for] misuse and [him] suing for it is not deliberate indifference it's a disagreement between [him] and her so [he] would like to dismiss that claim[.]" Dkt. No. 28. The plaintiff states that he wants to continue with his claims based on the first time Wachholz took him off his Naproxen "for misusing a drug that had nothing to do with the Naproxen and it got confirmed by Madison that there was a delay in assessment." Id. The court will grant the plaintiff's motion and will dismiss his Eighth Amendment

5

claim based on allegations that Wachholz, Utter and Does discontinued his Naproxen and Lidocaine in July 2022.

### III. Plaintiff's Motion to Stay (Dkt. No. 29)

The plaintiff also has filed a motion to stay discovery and to stay the case. Dkt. No. 29. He states that he is dealing with a severe mental breakdown and that he cannot concentrate or think because he hears voices that tell him to kill himself and others; he says that when that happens, officers place him on suicide watch. Id. at 1. The plaintiff states that he just attacked a captain and doesn't even recall doing it and now he will be in segregation for at least a year and a half. Id. He explains that it is very hard to litigate in segregation because of the lack of a law library, limited paper, being required to use a rubber pencil and no access to his property (which is where his evidence is located). Id. at 1-2. The plaintiff states that "just a[n] extension will not suffice because it may as well be a year before [he] can properly litigate." Id. at 2.

The court will grant the plaintiff's motion to stay the case. The court will administratively close the case until the plaintiff is able to resume litigation. The plaintiff's original filing date will be preserved. The plaintiff must notify the court in writing when he is prepared to resume litigating his case.

### IV. Conclusion

The court **DENIES** the plaintiff's motion for preliminary injunction. Dkt. No. 20.

The court **GRANTS** the plaintiff's motion to dismiss claims. Dkt. No. 28. The court **ORDERS** that the plaintiff's Eighth Amendment claim based on the discontinuation of his Naproxen and Lidocaine in July 2022 is **DISMISSED**.

The court **GRANTS** the plaintiff's motion to stay case. Dkt. No. 29.

The court **ORDERS** that this case is **ADMINISTRATIVELY CLOSED** until the plaintiff notifies the court in writing that he is prepared to resume litigating his case.

Dated in Milwaukee, Wisconsin this 26th day of October, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**